FIDEL GERENA, Guardian of MARÍA ELADIA GONZÁLEZ, Plaintiff and Appellee, *v.* BARTOLO SUAU, Defendant and Appellant.

No. 3834. Submitted February 12, 1926.—Decided March, 4, 1926.

*José D. Rodríguez* for the appellant. *García Méndez & García Méndez* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

A judgment was rendered against Bartolo Suau on December 30, 1924, and was appealed by him on January 27, 1925. The appellant elected to incorporate the evidence by means of the stenographer's notes and these notes were subsequently filed in the District Court of Aguadilla by the stenographer on the 9th of November, 1925. On December 14, 1925, an order of the court appears which recites that defendant-appellant presented a statement of amendments that he wished to make. The district court, it appeared, denied the

proposed amendment and on the same day, namely, December 14, in a separate order incorporated the stenographer's notes as approved, making them form part of the judgment roll.

On the 28th of January, 1926, as shown by the transcript, both attorneys certified that the record was faithful and correct, including a mention in said certificate of a transcript of the evidence as having been approved by the district court.

On February 1, 1926, the transcript as certified was filed in this court, and we may conclusively presume that the record was so filed by the appellant himself.

With these antecedents comes now the appellant on February 8, 1926, and asks by motion for a correction of the record. It appears, as we have said, that after the transcript of evidence was placed in the hands of the court below and before approval, the appellant attempted to have the same corrected and suggested amendments. When the court refused to make the amendments and after approval the appellant then filed a motion for reconsideration, which was likewise overruled. There is every presumption in favor of the considered action of the court below.

We have a duly certified complete record before us and the motion for correction as presented is insufficient. Perhaps if appellant had moved in time, namely, when the court refused to admit amendments, this court by appeal, or preferably perhaps by virtue of section 64 of our rules, might thereunder have been in a position to entertain the present motion. Under that rule the appellant should put this court *prima facie* by affidavits or otherwise in a position to correct the transcript of evidence. The showing made by the motion before us is totally inadequate for any purpose.

A proposed or suggested diminution of the record or a correction thereof can not avail appellant. Sections 55 and 56 of our rules only authorize such corrections of the transcript as are shown by the record in the court below. We passed upon a similar situation in *Pérez Bros.* v. *Arenas,* 30 P.R.R. 98. We said on page 100:

130

"A motion to correct the record is not the means authorized by the Rules of this court for striking out a portion of the evidence which was included in the statement of the case prepared by the appellants, the inclusion of which was not objected to by the adverse party, and which the trial judge certified to be correct. For such cases, which must necessarily be of rare occurrence, the law gives appropriate remedies.

" 'The general rule is that a case or statement of facts on appeal cannot be amended or altered in the appellate court, because that court must receive and act upon the case settled as it comes from the court below, and as importing absolute verity. But the court may, on application, allow a reasonable time to apply to the lower court for a correction. In some jurisdictions, if either party feels aggrieved by reason of matters either inserted in or omitted from the statement as settled by the trial judge, he may apply by petition in the Supreme Court to establish a proper statement in regard to such matter.' 4 C. J., sec. 2035, p. 371."

■ Moreover, the appellant joined with his adversaries in certifying to a complete record and filed the transcript as approved in this court. Under these circumstances any attempt to correct the transcript of the evidence comes too late, especially as the court below has considered the matter and overruled the application for correction.

Incidentally, we may say that it was the duty of appellant to inspect the transcribed notes promptly and then to have attempted a correction before the day set for the hearing on the same. There is no showing here of any interview with the stenographer or any attempt to have him explain, or admit or deny the accuracy of his notes.

The motion for correction must be overruled.